MR. JUSTICE GULBRANDSON,
dissenting.
I respectfully dissent.
In my view, the majority, by adopting the “initial permission” test (more colorfully known by many writers as the “Come hell or high water rule”) has departed drastically from authority previously enunciated in decisions of this Court, without reference to, or discussion of, those decisions.
To illustrate the previous view, two examples should suffice. In Mountain West Farm Bureau v. Farmers Insurance (1984), 209 Mont. 467, 680 P.2d 330, this Court declared:
“A complete and unreasonable departure from the intended use, or an intentionally dangerous and wrongful operation could support a ruling that the use was outside of the scope of permitted use as a matter of law. (Emphasis included.)”
Mountain West, 680 P.2d at 331. Thereafter, in Farmer’s Ins. Exchange v. Janzer (Mont. 1985), 215 Mont. 260, 697 P.2d 460, 42 St.Rep. 337, this Court, in commenting on Mountain West, supra, stated:
“Mountain West involved a question regarding the degree of permission granted . . . This court affirmed the lower court’s ruling that Mountain West was the insurer of the defendant for the defense of the action and the payment of any damages arising out of the incident. The instant case, likewise, presents a question involving scope of ‘permission.’ ” (Emphasis added.)
Farmer’s Ins. Exchange, 697 P.2d at 465-466.
The foregoing statements clearly indicated to the bench and bar of this state, in my opinion, that this Court had adopted, or would *360 adopt, some rule other than the “initial permission” rule. The decision to now adopt a minority absolute rule, in the light of contra expressions of this Court, should, in my view be left to the Montana Legislature.
I would affirm the judgment of the trial judge.